IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN W. STEWART                                                                                        PLAINTIFF

vs.                                          Civil No. 4:08-cv-04100

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

John W. Stewart ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for DIB on March 2, 2005.  (Tr. 52-56).  Plaintiff alleged he was disabled due to heart trouble and back problems.  (Tr. 76).  Plaintiff alleged an onset date of November 1, 2000.  (Tr. 77).  This application was initially denied on September 14, 2005 and was denied again on reconsideration on March 6, 2006.  (Tr. 29-30).  On May 1, 2006, Plaintiff requested an administrative hearing on his application.  (Tr. 5).  This hearing was held on March 30, 2007 in

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

Texarkana, Arkansas. (Tr. 248-291). Plaintiff was present and was represented by counsel, Monty Murry, at this hearing. *See id.* Plaintiff, Vocational Expert ("VE") Dianne Smith, and medical expert Dr. Henry Hamilton testified at this hearing. (Tr. 4-42). On the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2009), and had only finished the seventh grade. (Tr. 261-262).

On June 28, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 9-20). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2003. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 1, 2000, his alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments or combination of impairments: disorders of the spine. (Tr. 11-12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not totally credible. (Tr. 12-19). Second, the ALJ determined, based upon the review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally. He is able to push and pull 10 pounds. He can stand and walk for 2 hours in an 8-hour workday, 30 minutes without interruption. The claimant can sit for 6 hours in an 8-hour workday, 30 minutes without interruption. The claimant must be able to alternately stand and sit. He may occasionally climb stairs and ramps but cannot

      climb ladders. He can occasionally stoop. The claimant must never balance, crouch, kneel or crawl. The claimant is unlimited with respect to his ability to reach, handle, feel, see, hear or speak. He must avoid heights.

(Tr. 12, Finding 5).

      The ALJ then evaluated Plaintiff's PRW. (Tr. 19, Finding 6). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 248-291). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as an assistant grocery store manager, truck driver, carpenter, and construction worker. (Tr. 19). Considering his RFC, the ALJ determined Plaintiff was unable to perform any of this PRW. (Tr. 19, Finding 6). The ALJ also evaluated whether, considering his age, education, work experience, and RFC, Plaintiff would to be able to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 20). Specifically, the VE testified that given all these factors, a hypothetical person would be able to perform work as a dispatcher and scheduler (5,000 jobs in the region; 100,000 in the nation) and as a polisher and mounter (10,000 jobs in the region; 100,000 in the nation). *See id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 1, 2000 through the date of his decision or through June 28, 2007. (Tr. 20, Finding 11).

      Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 21). *See* 20 C.F.R. § 404.968. On August 27, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 2-4). On October 22, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October 30, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

2. <u>**Applicable Law:**</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence because in that decision, the ALJ failed to properly assess Plaintiff's credibility. (Doc. No. 7, Pages 1-11). Specifically, Plaintiff claims the ALJ only "attempted" to comply with the requirements of *Polaski*, only briefly cited to Plaintiff's medical records, and did not discuss Plaintiff's daily routine or his 22-year work history. *See id.* In response, Defendant argues the ALJ properly assessed Plaintiff's credibility. (Doc. No. 8, Pages 5-13). Defendant claims the ALJ stated the proper standard for evaluating Plaintiff's credibility and then properly analyzed Plaintiff's subjective complaints in accordance with that standard. *See id.* Defendant claims that the "ALJ set forth in detail the substance of Plaintiff's subjective allegations as presented in his testimony,

including his testimony as to his pain, functional abilities, activities of daily living, treatment history, and medications." *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. The ALJ stated the *Polaski* factors (Tr. 13-14), but, instead of evaluating those factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely evaluated the medical records[3], briefly considered Plaintiff's daily activities, and noted the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(Tr. 16). This lack of analysis is entirely insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*.[4] Upon remand, the ALJ should also further evaluate what impact Plaintiff's work history has on his credibility.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure

---

[3] The ALJ's evaluation of Plaintiff's medical records was thorough. However, an evaluation of a claimant's medical records alone is not sufficient under *Polaski*.

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

52 and 58.

    **ENTERED this 15th day of December, 2009.**

    /s/   Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE