IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN W. STEWART                                                      PLAINTIFF

vs.                              Civil No. 4:08-cv-04100

MICHAEL J. ASTRUE                                                   DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal

Access to Justice Act ("EAJA"). (Doc. No. 11).[1] Defendant has responded to this Motion and

objects to the attorney's fee requested. (Doc. No. 14). The parties have consented to the jurisdiction

of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).

Pursuant to this authority, the Court issues this Order.

## 1. Background:

On October 22, 2008, John W. Stewart ("Plaintiff") appealed to this Court from the Secretary

of the Social Security Administration's ("SSA") denial of his request for Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act ("the Act"). (Doc. No. 1). On December

15, 2009, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C.

§ 405(g). (Doc. No. 10).

On February 15, 2010, Plaintiff filed the present Motion requesting an award of attorney's

fees under the EAJA. (Doc. No. 11). With this Motion, Plaintiff requests an award of attorney's

fees of $3,142.50, representing 20.95 hours of attorney work at an hourly rate of $150.00. (Doc. No.

11). Defendant responded to this Motion on February 23, 2010 and objects to number of requested

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

attorney hours. (Doc. No. 14). Defendant claims Plaintiff is only entitled to 17.2 hours of attorney

work at an hourly rate of $150.00 for a total EAJA fee award of $2,580.00. *See id.*

## 2. **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a

prevailing social security claimant unless the Secretary's position in denying benefits was

substantially justified. The Secretary has the burden of proving that the denial of benefits was

substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary

bears the burden of proving that its position in the administrative and judicial proceedings below was

substantially justified"). An EAJA application also must be made within thirty days of a final

judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time

for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion

of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42

U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was

specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535

U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme

Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42

U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. §
> 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of
> the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b),
> so that the [amount of total past-due benefits the claimant actually receives] will be
> increased by the . . . EAJA award up to the point the claimant receives 100 percent
> of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to

shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

### 3. Discussion:

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 10). Defendant does not contest Plaintiff's claim that he is the prevailing party, does not oppose his application for fees under the EAJA, and does not object to the hourly rate he requested. (Doc. No. 14). The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $3,142.50 under the EAJA. (Doc. No. 11). Plaintiff requests these fees at a rate of $150.00 per hour for 20.95 hours of attorney work. *See id.* This hourly rate of $150.00 per attorney hour is authorized by the EAJA as long as a CPI is submitted. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff submitted a CPI. (Doc. No. 12). Therefore, this hourly rate is authorized by the EAJA, and this Court finds that Plaintiff is entitled to an hourly rate of $150.00 per attorney hour.

Further, this Court has reviewed counsel's itemization of time appended to Plaintiff's

application. (Doc. No. 13). Defendant objects to the hours requested as being excessive and suggests this Court reduce Plaintiff's requested fees by 3.25 hours. (Doc. No. 14). Defendant argues such a reduction is justified because this case involved a relatively simple legal issue. *See id.* Defendant also claims Plaintiff's fee request should be reduced because Plaintiff is improperly seeking compensation for .5 hour of "purely clerical tasks." *See id.* Defendant argues such compensation is not permitted under the EAJA. *See id.* Accordingly, Defendant seeks a total fee reduction of 3.75 hours (3.25 hours plus .5 hour) such that Plaintiff would be compensated for 17.2 hours of attorney work instead of 20.95 hours of attorney work. *See id.*

A.    **"Excessive" Fees under the EAJA**

First, Defendant objects to Plaintiff's requested fee award because he claims it is excessive. (Doc. No. 14). This Court, however, is not inclined to arbitrarily reduce a plaintiff's requested fee award. With proper justification, a court can and should reduce a requested attorney's fee award. *See, e.g., Granville House, Inc. v. Dep't of Health, Educ. And Welfare,* 813 F.2d 881, 884 (8th Cir. 1987) (holding an attorney was "not entitled to compensation for the fifteen hours of work which could have been done by support staff"). The bare claim, however, that a plaintiff requests "excessive fees" is not such a proper justification for reducing a fee request. Defendant attempts to argue these fees are excessive by stating there were "no unique or complex issues developed in this particular case" and "Plaintiff's counsel routinely handles Social Security appeals." (Doc. No. 14, Page 2). Defendant also cites the opinion of the Honorable Judge James R. Marschewski in support of his argument that Plaintiff's requested fees should be reduced as excessive. *See Clark v. Astrue,* 5:08-cv-05034, Doc. No. 17 (W.D. Ark. August 11, 2009).

After reviewing the *Clark* case and Defendant's briefing, this Court finds Defendant's

argument is not persuasive. Plaintiff's attorney is in the best position to know the amount of time that was needed in a particular case, and the fact that he presented one concise argument to this Court for a remand does not justify reducing his fees. It is far better to have one concise argument that is compelling than several arguments that would not provide a basis for a remand. Appeals from the denial of disability benefits by the SSA, such as the instant case and *Clark* are very fact-specific, involve very different factual backgrounds, have different records to review, and raise distinct legal issues on appeal that are not necessarily raised in every case. Even if the legal issues are similar, the underlying administrative record in cases involving appeals from decisions of the SSA are always different in size and complexity. Comparing the time required to adequately review those records and brief such appeals will rarely result in similar cases for the purposes of the Court's attorney's fee analysis.

It is also important to note, however, that a plaintiff is not automatically entitled to all attorney's fees requested in a given case. This Court should review the fees requested to determine if the request should be considered "excessive" based upon the facts in this case. In this case, the difference between the attorney's fees requested and the attorney's fees suggested by Defendant is only $487.50. (Doc. No. 14). This relatively small difference does not demonstrate "excess" by Plaintiff. This is especially true since this case contained a transcript of two-hundred and ninety-one (291) pages, and Plaintiff's attorney had a responsibility to be familiar with the facts in that transcript and argue the most persuasive basis for reversal.

Indeed, it is unclear why Defendant chose to argue that Plaintiff's fees should be reduced by 3.25 hours instead of 5.0 hours or 2.75 hours. The fact that Defendant chose 3.25 instead of 5.0 hours or 2.75 hours or some other number of hours illustrates how arbitrary this assessment can

become, and this Court will not engage in such guesswork. Of course, had Defendant been more specific as to *which part* of Plaintiff's billing was excessive (instead of claiming the *total fee* for writing Plaintiff's brief was excessive), there may have been a better basis for determining whether the fee should be considered excessive.

### B. Clerical Work under the EAJA

Second, Defendant claims Plaintiff's requested fee amount should be reduced by .5 hour because Plaintiff requests attorney's fees for work that should be considered clerical in nature. (Doc. No. 14). This Court agrees with Defendant and finds Plaintiff is not entitled to attorney's fees for time expended for work that should be considered clerical in nature. Notably, Plaintiff requested .25 hour on October 16, 2008 for the following: "Drafted letter to claimant; forwarded In Forma Pauperis for completion and return." (Doc. No. 13). Plaintiff requested .25 hour on October 24, 2008 for the following: "Served summons via certified mail." *See id.* Because such work is properly considered clerical work, this Court reduces Plaintiff's hours of attorney work requested from 20.95 to 20.45 (.5 hour reduction). *See Granville House, Inc.,* 813 F.2d at 884. Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,067.50, representing 20.45 hours at an hourly rate of $150.00 per attorney hour.

### 4. Conclusion:

Based upon the foregoing, the Court awards $3,067.50 pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **25th day of February, 2010.**

/s/ Barry A. Bryant
BARRY A. BRYANT
U.S. MAGISTRATE JUDGE